## AMOS v. STATE.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided April 3, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

127a. BAR—333. Criminal Law.

Where prosecution before justice of the peace is procured and managed by defendant or his agent and state is not represented by authorized officer or agent, such proceedings no bar to bona fide prosecution for same offense.

Error to Common Pleas.
Judgment affirmed.

Irish & Riley, Ironton, for Amos.
James Collier, Ironton, for State.

## FULL TEXT.

MIDDLETON, P. J.

Plaintiff in error was charged in the Court of Common Pleas by affidavit with the unlawful possession of intoxicating liquors. To this affidavit the plaintiff in error, who will be referred to herein as the defendant, filed a written plea in bar in which he alleged that on the 19th day of March, 1927, he was charged with the same offense before one W. H. Neal, a justice of the peace, to which charge the defendant entered a plea of guilty and such proceedings were then and there had as that the defendant was fined one hundred dollars and costs. There is a stipulation in the bill of exceptions to the effect that "it is admitted that there was only one offense on Saturday, March 19th, and that was the one in question upon which the liquor was obtained and the charges preferred before Squire Neal." To the plea in bar a rely was filed by the State of Ohio, which in substance alleges that the prosecution before said justice of the peace was a sham prosecution instituted upon an affidavit which was filed by one Chester Noel, who was not a sheriff, constable, police officer or an officer of any kind but a friend of the defendant. The trial court overruled the plea in bar, heard the case on its merits and found the defendant guilty as charged in the affidavit.

Without reciting in detail the facts as shown by the evidence it is sufficient to say that it clearly appears that in the prosecution of the case before the justice of the peace the State of Ohio was not represented by any officer or agent authorized to represent it. nor was any of the officers who made the arrest and upon whose testimony the state must rely for a conviction present at such prosecution or advised that the case was then to be tried.

In Schideler v. State, 28 Am. St. Rep. 206, it was said:

"It has been many times decided and may be regarded as settled law that if one procures himself to be prosecuted for an offense which he has committed, thinking to get off with slight punishment or none, and to thus bar a prosecution in good faith by the state for the same offense, if the proceeding is really managed by himself, either directly or thru the agency of another, and the state, while a party in name, is not so in fact and has no actual agency in the matter, the judgment thus procured is void and affords no protection." (Citing many authorities.)

Further commenting the court said:

"While the judgments in such cases as those above cited are fraudulently procured and are frequently said to be void because of the fraud practiced, it is apparent that the better reason for holding them void and not binding on the state is that the state is not a party to them."

In the instant case, as before observed, there is no evidence whatever to show that the state was really a party to the action before the justice. The man who filed the affidavit charging the offense appears to be unknown or at least the evidence fails to identify him as being a person in any way whatever authorized in behalf of the state to institute the prosecution. Upon the other hand, it appears from the evidence of the justice who heard and determined the case that this party came before the justice with the attorney of the defendant herein, and that said attorney was present and requested the justice to sign the affidavit. Under these circumstances it is sufficiently shown, we think, that the prosecution of the case before the justice was procured by the defendant or his agents and that the whole proceeding was managed by them. It is apparent, therefore, that the state was in no sense a party to such prosecution and for that reason the proceedings then had are not binding upon the state.

(Mauck and Thomas, JJ., concur.)